IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02322-BNB

DEXTER HARRIS,

    Plaintiff,

v.

GERRY WHITMAN, Denver Police Chief,
JOHN BURBACH, Commander, Internal Affairs Bureau, and
MARK ALAN MATTHEWS, Denver Detective,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2009

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Dexter Harris, is a prisoner in the custody of the Denver Sheriff Department and is currently incarcerated at the Denver County Jail. Mr. Harris filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 asserting that his rights under the United States Constitution have been violated. On October 8, 2009, Magistrate Judge Boyd N. Boland determined that the Complaint was deficient for failure to allege the personal participation of all named Defendants, and ordered Mr. Harris to file an Amended Prisoner Complaint. Mr. Harris filed an Amended Prisoner Complaint on October 26, 2009.

    The Court must construe the amended complaint liberally because Mr. Harris is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably

can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Harris asserts three claims in the Amended Prisoner Complaint. First, he alleges Defendant Gerry Whitman failed to supervise Defendants John Burbach and Mark Allen Matthews. Second, he alleges that Defendant Burbach "acted with deliberate indifference when he <u>failed</u> to <u>control</u> or <u>direct</u>" Defendant Matthews. Amended Complaint at 5. Third, Mr. Harris alleges that when Defendant Matthews interviewed him in the Denver City Jail, Defendant Matthews released to other inmates confidential information regarding Mr. Harris' status as witness for the state in a criminal trial. *Id.* at 6. Mr. Harris alleges that due to Defendant Matthews' actions, he has been assaulted by other inmates, kicked down the stairs and placed in constant fear for his life. *Id.* Mr. Harris appears to assert that Defendants have been deliberately indifferent to a substantial risk of serious harm to him, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

With respect to the claims against Defendant Matthews, the case will be drawn to a district judge and to a magistrate judge.

As for Defendants Gerry Whitman and John Burbach, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that

each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Mr. Harris asserts that because of their supervisory positions Defendants Whitman and Burbach are liable for the alleged acts of their employee, Defendant Matthews. Nonetheless, Mr. Harris fails to assert that Defendants Whitman and Burbach caused the deprivation of his federal constitutional rights. Defendants Whitman and Burbach, therefore, will be dismissed as parties to this action for lack of personal participation. Accordingly, it is

ORDERED that Defendants Gerry Whitman and John Burbach are dismissed as parties to this action for lack of personal participation. The Clerk of the Court is instructed to remove Defendants Gerry Whitman and John Burbach as named parties to the suit. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 20 day of November, 2009.

BY THE COURT:

*/s/ Zita Leeson Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-02322-BNB

Dexter Harris
Prisoner No. 1613434
Denver County Jail
P.O. Box 1108
Denver, CO 80201


     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/20/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk