# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-02322-REB-MEH

DEXTER HARRIS

     Plaintiff,

v.

MARK ALLEN MATTHEWS, Denver Police Detective,

     Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter comes before me on the **Defendant's Motion for Summary Judgment** [#37][1] filed June 15, 2010. The plaintiff filed a response[#41] and the defendant filed a reply [#43]. Having the consent of the magistrate judge, I withdraw my **Order of Reference to Magistrate Judge** [#12], filed November 25, 2009, as to the pending motion for summary judgment [#37]. I grant the defendant's motion for summary judgment.[2]

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material

---

[1] "[#37]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 514 U.S. 1004 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 528 U.S. 933 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

Because plaintiff is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*,

2

935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). I may "not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." **Whitney v. New Mexico**, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The United States Court of Appeals for the Tenth Circuit has interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.; **see also Peterson v. Shanks**, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing **Dunn v. White**, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. UNDISPUTED MATERIAL FACTS

In his amended complaint [#7], the plaintiff, Dexter Harris, alleges that the defendant, Detective Mark Matthews, was deliberately indifferent to a substantial risk of serious harm to Harris. Harris was a prosecution witness in criminal cases against Robert Ray and Sir Mario Owens. Harris provided law enforcement with information that implicated both Ray and Owens in a double homicide. Harris's involvement in Ray and Owens's criminal cases included Harris providing testimony at motions hearings and trial, which date back to 2005 and 2006. Ray and Owens knew of Harris's involvement in their criminal cases once Harris testified in open court in the Ray and

3

Owens cases.

On November 16, 2008, Harris was arrested and held in the Denver City Jail. Harris alleges in his Amended Complaint that Detective Matthews went to the Denver City Jail on the same day to interview him on a matter unrelated to his arrest. Harris alleges that Detective Matthews "released information concerning [his] state witness status to the inmates in the jail in an attempt to have [Harris] seriously injured or killed." *Amended complaint* [#7], p. 6. On the current record, the only evidence that supports Harris's allegation that Detective Matthews released information concerning Harris's state witness status to inmates in the Denver City is Harris's sworn complaint [#7]. Detective Matthews disputes this allegation, but, for the purpose of his motion for summary judgment, I must view this sworn allegation in the light most favorable to Harris.

In his deposition, Harris testified that he did not receive any threats and was not assaulted by other jail inmates from November 19, 2008, to March or April, 2009. *Motion for summary judgment* [#37], Exhibit A-1 (Harris Depo.), 85:9-25. On August 24, 2009, while incarcerated in the Denver County Jail, Harris was kicked in the back while he was at the top of a stairway. *Id.*, 96:1 - 24. As a result of the kick, Harris dropped what he was holding in his hands, "tumbled a couple of times" down the stairway, but did not fall all of the way down the stairway because he was able to grab onto the railing. *Id.*, 96:16 - 24. Harris does not know who kicked him, and no one said anything to him about this incident either before or after he was kicked. As a result of his fall down the stairs, Harris was treated for a cut on one of his elbows, and one of his knees was injured as well. Harris testified that his physical injuries were not severe, in his opinion. *Id.*, 112:14 - 25.

4

## IV.  ANALYSIS

Harris alleges that Detective Matthews was deliberately indifferent to a substantial risk of serious harm to Harris, in violation of Harris's rights under the Eighth Amendment.  Harris brings his claim under 42 U.S.C. § 1983.  Because Harris is a pretrial detainee, the Fourteenth Amendment provides the applicable standard for Harris's claim.  **Block v. Rutherford**, 468 U.S. 576, 583 - 585 (1984).  "Although the Due Process Clause [of the Fourteenth Amendment] governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eight Amendment standard provides the benchmark for such claims."  **Craig v. Eberly**, 164 F.3d 490, 495 (10th Cir. 1998).  Detective Matthews notes that "a defendant may not be held liable under § 1983 unless he or she subjected a citizen to the [unconstitutional] deprivation, or caused a citizen to be subjected to the [unconstitutional] deprivation."  **Tonkovich v. Kansas Bd. of Regents**, 159 F.3d 504, 518 (10th Cir. 1998).  Here, the alleged deprivation is the August 24, 2009, assault on Harris.

Detective Matthews argues that Harris cannot establish a causal connection between Detective Matthews' alleged release of information and the August 24, 2009, assault that caused Harris to fall partially down the stairway.  I agree. Notably, Harris does not know who assaulted him, and no statements were made to Harris at the time of the assault, or shortly thereafter, that provide any indication of the motive for the assault.  Detective Matthews notes that at least four months passed between his alleged release of information and any threat or assault directed at Harris.  In his response [#41] to the motion for summary judgment, Harris notes that, in his deposition, he testified that two members of the organization against whom Harris had testified

were present when Harris was kicked down the stairs. A couple of days earlier, Harris says, these two individuals had attempted to question Harris about the information Detective Matthews allegedly released to inmates in the city jail. *Response* [#41], p. 4. This portion of Harris's deposition is not included with the motion for summary judgment or with Harris's response. Thus, there is no competent evidence in the record to establish the facts on which Harris relies in his response.

The facts alleged in Harris's sworn complaint [#7] are not sufficient to show that Detective Matthews' alleged actions caused Harris to be kicked down the stairs on August 24, 2009. Viewing Harris's sworn allegations and the evidence cited by Detective Matthews in his motion for summary judgment [#37] in the light most favorable to Harris, there is no evidence that Detective Matthews' alleged release of information was a cause of the assault suffered by Harris on August 24, 2009. Detective Matthews' motion for summary judgment has been supported properly, and the burden now shifts to Harris "to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper" because there is evidence that Detective Matthews' actions were a cause of the assault suffered by Harris. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1518 (10th Cir. 1994), **cert. denied**, 514 U.S. 1004 (1995). Harris has not come forward with any competent evidence that addresses the causation issue raised by Detective Matthews in his motion for summary judgment. Harris has not shown, in his response {#41], that there remains a genuine issue of material fact on the issue of causation. In the end, Harris relies not on competent evidence and permissible inference, bur instead, *per force* on *post hoc ergo propter hoc.* Stated differently, viewing the evidence in the record in the light most favorable to Harris, no reasonable fact finder could find that

6

Detective Matthews' alleged release of information was a cause of the assault Harris suffered on August 24, 2009. Causation is an essential element of Harris's § 1983 claim against Detective Matthews and, absent evidence in the record that might establish causation, Detective Matthews is entitled to summary judgment.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That having the consent of the magistrate judge, I withdraw my **Order of Reference to Magistrate Judge** [#12], entered November 25, 2009, as to the pending motion for summary judgment [#37];

2.  That the **Defendant's Motion for Summary Judgment** [#37] filed June 15, 2010, is **GRANTED**;

3.  That the trial by jury set to commence September 13, 2010, is **VACATED**;

4.  That **JUDGMENT SHALL ENTER** in favor of the defendant, Mark Allen Matthews, against the plaintiff, Dexter Harris;

5.  That the defendant is **AWARDED** his costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

6.  That the jury trial set to commence September 13, 2010, is **VACATED**; and

6.  That this case is **DISMISSED**.

Dated August 20, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge