IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-02322-REB-MEH

DEXTER HARRIS,

    Plaintiff,

v.

MARK ALLEN MATTHEWS, Denver Police Detective,

    Defendant.

## ORDER DENYING MOTION FOR NEW TRIAL
## & MOTION TO ALTER OR AMEND JUDGMENT

**Blackburn, J.**

    This matter is before me on (1) the plaintiff's **Motion for New Trial Pursuant To Federal Rules of Civil Procedure Rule 59** [#74][1] filed September 21, 2010; and (2) the plaintiff's **Motion To Alter or Amend Judgment Pursuant To Federal Rules of Civil Procedure 59** [#75] filed September 21, 2010. The two motions are essentially identical. The defendant filed a response [#80] that addresses both motions. I deny both motions.

    On August 20, 2010, I entered an order [#56] granting the defendant's motion for summary judgment and dismissing this case. In his present motions, the plaintiff seeks to revisit the issues addressed and resolved in that order. I deny the motion for new trial because no trial was held in this case. Absent an initial trial, FED. R. CIV. P. 59(e), is not applicable.

---

[1] "[#74]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In his motion to alter or amend judgment [#75], the plaintiff asks that I alter or amend the judgment [#59] entered by this court on August 23, 2010. The judgment is based on my **Order Granting Defendant's Motion for Summary Judgment** [#56]. FED. R. CIV. P. 59(e) provides for a motion to alter or amend a judgment. The primary bases for a motion under Rule 59(e) are

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

In my order [#56], I concluded that the defendant is entitled to summary judgment because the plaintiff has not come forward with any evidence that the defendant's alleged actions caused the injuries allegedly suffered by the plaintiff. In his motion [#75] the plaintiff discusses causation and other issues, but he does not demonstrate an intervening change in the controlling law, the existence of new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. Accordingly, the plaintiff's motion to alter or amend must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for New Trial Pursuant To Federal Rules of Civil Procedure Rule 59** [#74] filed September 21, 2010, is **DENIED**; and

2. That the plaintiff's **Motion To Alter or Amend Judgment Pursuant To Federal Rules of Civil Procedure 59** [#75] filed September 21, 2010, is **DENIED**.

Dated October 7, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge