**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  09-cv-02322-REB-MEH

DEXTER HARRIS

      Plaintiff,

v.

MARK ALLEN MATTHEWS, Denver Police Detective,

      Defendant.

**ORDER ADOPTING RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before the court on 1) the **Defendants' Motion for Summary Judgment** [#94][1] filed May 27, 2011; and 2) the **Amended Recommendation of United States Magistrate Judge** [#102] filed July 25, 2011.  The plaintiff filed objections [#105] to the recommendation.  I overrule the objections, adopt the recommendation, and grant the motion for summary judgment.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed and have considered carefully the recommendation, objections, and applicable caselaw.  Because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall**

---

[1] "[#94]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)). The recommendation is detailed and well-reasoned, and, thus, I approve and adopt it as an order of this court.

The plaintiff, Dexter Harris, alleges that the defendant, Mark Matthews, improperly revealed to inmates in a Denver jail that the plaintiff had testified against certain defendants in a murder prosecution. The two defendants in the murder prosecution were aware of the plaintiff's identity and were present when the plaintiff testified against them. The plaintiff testified in the murder prosecution in 2005 or 2006, and in a separate proceeding in 2009. On November 16, 2008, Harris was being held in the Denver City Jail on charges unrelated to the murder prosecution. Harris alleges that on that date, defendant, Mark Matthews, a detective with the Denver Police, was present with Harris in the Denver City Jail. At that time, Matthews allegedly revealed to other inmates in the jail that Harris was acting as a witness for the prosecution.

Approximately four months later, in March, 2009, Harris says he learned from another jail inmate that their was a "hit" out on Harris. On August 24, 2009, more than nine months after Matthews allegedly released information about Harris to other inmates, Harris had a conversation with gang members allegedly affiliated with the two defendants in the murder prosecution. This conversation concerned the "hit" that was out on Harris. Later that day, Harris was kicked in the back while he was on a flight of stairs in the jail. Harris was able to grab a railing to prevent himself from falling all of the way down the stairs, but he did suffer some physical injuries as a result of his fall partially down the stairs. Harris does not know who kicked him and no one said anything to Harris immediately before or after he was kicked. A few weeks after he was kicked down the stairs, Harris was put on medication to deal with the "unrelenting fear"

2

that he "suffers daily." *Response* [#99], Exhibit 1 (Harris Deposition), 116: ll. 15-25; 117: ll. 1-3.

Previously, this court granted the defendant's motion for summary judgment [#37], in an order [#56] filed August 20, 2010. In that order, the court concluded that, based on the evidence in the record, no reasonable fact finder could find that the defendant's alleged actions were a cause of the assault suffered by Harris when he was kicked down the stairs on August 24, 2009. Based on that conclusion, I granted the defendant's motion for summary judgment. Harris appealed the resulting judgment to the United States Court of Appeals for the Tenth Circuit. The Tenth Circuit affirmed this court's "judgment in favor of Matthews on Harris' claim that Matthews' disclosure caused the August 2009 assault." **Harris v. Matthews**, 417 Fed.Appx. 758, 764 (10th Cir. 2011). However, the Tenth Circuit remanded Harris's claim for "mental and emotional damages for further proceedings" consistent with the court's opinion. *Id*.

In his present motion for summary judgment, Matthews argues that Harris has not come forward with evidence that would permit a reasonable fact finder to conclude that Matthews alleged disclosure in November, 2008, caused Harris's alleged mental and emotional damages. Reviewing the evidence in the record, the magistrate judge concluded, correctly, that "no reasonable juror could find that Harris suffered emotional injury as a direct result of Matthews' "snitch" disclosure in November 2008." *Recommendation* [#102], p. 13. The magistrate judge concluded also that Harris has not come forward with evidence that would permit a reasonable fact finder to conclude that Matthews' disclosure set in motion a series of events that caused a deprivation of Harris's constitutional rights. *Id.*, p. 14. Specifically, the magistrate judge concluded that Harris has failed to come forward with any evidence that demonstrates a genuine

3

issue of material fact concerning whether or not Matthews' alleged "disclosure was the event that launched the threat of a "hit," the conversation with gang members, the kick down the stairs and the subsequent emotional injury . . . ." *Id*. I agree. Based on the evidence in the record, no reasonable fact finder could conclude that Matthews' alleged disclosure was a cause or the cause of Harris's alleged "mental and emotional damages." *Harris v. Matthews*, 417 Fed.Appx. 758, 764 (10th Cir. 2011).

The magistrate judge notes also that Harris cannot assert a claim "for mental and emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1997e(e). Harris's claim here is solely for mental and emotional injury suffered while in custody. Thus, even if Harris had produced some evidence of causation, he would not be entitled to damages for his mental and emotional injury. In its opinion in *Harris v. Matthews*, the Tenth Circuit noted that Harris might be entitled to declaratory relief or possibly to punitive damages. *Id*. at 764 n. 9. Absent evidence of causation, however, Harris is not entitled to such relief.

I have reviewed carefully the **Plaintiff's Objection To Magistrate Judge Recommendation** [#105] filed August 3, 2011. I conclude that the plaintiff's stated objections are without merit and, therefore, I overrule his objections. I find and conclude that the arguments advanced, authorities cited, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Amended Recommendation of United States Magistrate Judge** [#102] filed July 25, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in the **Plaintiff's Objection To Magistrate Judge Recommendation** [#105] filed August 3, 2011, are **OVERRULED**;

4

3. That the **Defendants' Motion for Summary** Judgment [#94] filed May 27, 2011, is **GRANTED**;

4. That **JUDGMENT SHALL ENTER** in favor of the defendant, Mark Allen Matthews, and against the plaintiff, Dexter Harris;

5. That the defendant is **AWARDED** his costs to be taxed by the Clerk of the Court under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

6. That the Trial Preparation Conference set for August 19, 2011, at 3:30 p.m. and the jury trial set to begin on September 12, 2011, at 8:30 a.m. both are **VACATED**; and

7. That this case is **DISMISSED**.

Dated August 9, 2011, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge